UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTORY LANE QUICK OIL CHANGE,
INC. a Michigan corporation,

    Plaintiff/Counter-Defendant,

                                      CASE NO.: 07-14463

vs.                                    DISTRICT JUDGE JOHN FEIKENS
                                      MAGISTRATE JUDGE STEVEN D. PEPE

JOHN P. HOSS, an individual, ROY W. STARBIRD,
an individual, and CHECKERED FLAG OIL CHANGE
CENTER, INC., a Michigan corporation,

    Defendant/Counter-Plaintiff.
_____/


ORDER DENYING DEFENDANTS' MOTIONS TO SUPPLEMENT THE RECORD (Dkt. # 55) AND
GRANTING DEFENDANTS AMEND THE SCHEDULING ORDER (Dkt. # 60)

      Before the Court are Defendants' motion to supplement the record (Dkt. #55) and their motion amend the scheduling order to obtain certain electronic and other discovery from Plaintiff and from Yahoo! and to reopen the depositions of Jay Roberts and Derrick Oxender (Dkt. #60). Defendants offer a December 12, 2008, Supplemental Affidavit executed by Jay Roberts a former employee of Plaintiff in which he recants or clarifies several paragraphs of his September 1, 2008, affidavit used in support of Plaintiff's motion for partial summary judgment. (Dkt.# 60, Exh. 5). Defendants wish to use the Roberts Supplemental Affidavit in opposition to Plaintiff's motion for partial summary judgment and other motions. They also submit the Roberts Supplemental Affidavit in support of their motion to amend the scheduling order and take additional discovery including reopening

the deposition of Jay Roberts.  Plaintiff argues that Defendants failed to provide a legal basis for the admission of the Roberts Supplemental Affidavit after the close of discovery and dispositive motions were filed.  For reasons stated below, the Defendants motion to supplement the record (Dkt. # 55) on Plaintiff's motion for summary judgment with the Roberts Supplemental Affidavit is **DENIED**, but the Roberts Supplemental Affidavit will be considered for the limited purpose of supporting Defendants' motion amend the scheduling order and reopen limited discovery (Dkt. # 60) which is **GRANTED**.

A court has broad discretion over discovery matters.  *Trepel v. Roadway Express, Inc.*, 194 F.3d 708 (6th Cir. 1999).  In determining whether to reopen discovery, courts are to consider five factors:

> (1) whether the movant has demonstrated good cause for reopening discovery;
> (2) whether the need for additional discovery was precipitated by the neglect of the movant or by the party opposing the motion to reopen;
> (3) the specificity of the discovery that is sought;
> (4) the relevance of the discovery being sought; and
> (5) whether the party opposing the motion to reopen discovery will be prejudiced.

*Id.*

The deadline for discovery in this case was  September 28, 2008.  Mr. Roberts' employment with Plaintiff was terminated on or about October 16, 2008 (Oxender January 15, 2009, affidavit, Dkt. # 61 Exh. B, ¶ 5). Because of Mr. Roberts' leadership in Plaintiff's organization prior to his termination with Plaintiff, it is not likely that his Supplemental Affidavit as offered by Defendants could have been obtained prior to the close of discovery.  It is relevant to matters involved in this case.

2

The oral arguments on the pending motions heard January 20, 2009, did not consider the Roberts Supplemental Affidavit. While noting that it existed, it was not considered on the merits of the analysis of the Reports and Recommendations issued this date for the motions heard on January 20. Because the Reports and Recommendations were not altered by the Supplemental Affidavit it is determined that Plaintiff is not prejudiced if the Roberts Supplemental Affidavit is not allowed for consideration on the pending motions other than as a factual basis for Defendants motion to amend the scheduling order and allow limited discovery of Mr. Roberts.

A review of the Supplemental Affidavit for purposes of Defendants' two motions demonstrates that is adds clarifications and corrections of several paragraphs of Mr. Roberts' September 1, 2008, affidavit.  Defense counsel suggests that the Roberts' Supplemental Affidavit is was the product of an unethical contact between defense counsel and Mr. Roberts, a former high ranking Director of Operations who has been a central defense operative in this litigation and privy to substantial privileged attorney client communications concerning this case.  While that may be the case, this Court must balance the truth finding functions of the adversary system with the ethical constraints placed on the advocates.  There can be little doubt that the Roberts' Supplemental Affidavit is relevant to certain important factual disputes in this case, such as whether on April 17, 2007,  Plaintiff, through Mr. Roberts,  expressed its desire to exercised its option to purchase Defendants' franchise if it did not exercise its option to renew the franchise.  It is also relevant to the claims against Defendant Hoss.

The ethics opinions concerning Rule 4.2 of the Michigan Rules of Professional Conduct, the ABA Model Rules, and other states professional rules have been a field of controversy and varying interpretation as to how Rule 4.2 is to be applied to former employees. This Court looks to the Michigan Rules of Professional Conduct and its interpretation for guidance.   Informal Opinion RI-120 (March 6, 1992) by the Michigan Standing Committee on Professional and Judicial Ethics notes that the concerns of Rule 4.2 are implicated with respect to former employees when such employees statements would constitute admissions, or their acts could be imputed to the organization/client, as well as when the former employee was privy to confidential attorney client privileged communications  (Dkt. # 61, Exh. C).  At the hearing on these motions, while Plaintiff's counsel had certain disagreements and reservations, it was determined that the  Roberts Supplemental Affidavit did not involve any party admissions of Plaintiff because the document was prepared when Mr. Roberts was no longer an agent or employee of Plaintiff and thus was not making the statements in the scope of his agency or employment authority.  It was also determined that the Roberts Supplemental Affidavit did not contain disclosure of any confidential attorney-client communications.  There were certain portions that arguably might relate to factual admissions of Mr. Roberts while still employed by Plaintiff that might be imputed to the Plaintiff.  Yet, the overwhelming majority of the contents of the Roberts Supplemental Affidavit does not topics of concern to the ethics committees applying M.R.P.C. 4.2 to former employees.

While Defense counsel displayed some caution when Mr. Roberts first approached

them in December 2008, and urged Mr. Roberts to consult with his personal attorney prior to their having his statements reduced to an affidavit, given his former role with Plaintiff, his extensive involvement in this case, and his being privy to confidential discussions with Plaintiffs' counsel, Defense counsel would have been prudent to contact Plaintiff's counsel prior to furthering the discussions with Mr. Roberts or sought direction from this Court. As noted at the hearing, it could be argued that defense counsel violated M.R.P.C. 4.2 in their contact with Mr. Roberts.

Yet, assuming that to be the case for purposes of this decision, it does not mean that the "sanction" should be excluding all use of the Roberts Supplemental Affidavit. This is particularly the case because the content of the affidavit does not reveal the types of information M.R.P.C. 4.2 seeks to safeguard with respect to former employees. This affidavit does purport to correct and supplement certain facts relevant to the resolution of this case. It is believed consideration of Mr. Roberts' fuller factual account would serve the fact finding tasks that lies ahead for this Court.

A fair balance between the fact finding function of the adversary system and it ethical constraints on the advocates is struck by not allowing the Roberts Supplemental Affidavit to be considered on the pending motions on which Reports and Recommendations are being issued today, yet considering it solely as a factual background and basis for the Defendants' other motion to supplement the record (Dkt. # 55). Based on the Roberts Supplemental Affidavit and arguments made in court this day, that motion is granted and the scheduling order is amended to permit defense counsel to reopen the

5

deposition fo Jay Roberts and take certain other limited discovery so be determined.  The portion of Defendants' motion concerning ESI or documents is held under advisement, though Plaintiffs' counsel noted he had no objections to defense counsel seeking to subpoena documents from Yahoo! concerning Plaintiff's Yahoo account.

For these reasons, Defendants motion to supplement the record (Dkt. # 55)  with the Roberts Supplemental Affidavit is **DENIED**, except   for the limited purpose of supporting Defendants' motion  amend the scheduling order and reopen limited discovery (Dkt. # 60) which is **GRANTED**.

SO ORDERED.

s/Steven D. Pepe  
United States Magistrate Judge

Dated:  March 20, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 20, 2009.

s/V. Sims  
Case Manager