UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTORY LANE QUICK OIL CHANGE,
INC. a Michigan corporation,

        Plaintiff/Counter-Defendant,

                                      CASE NO.: 07-14463

vs.                                 DISTRICT JUDGE JOHN FEIKENS
                                MAGISTRATE JUDGE STEVEN D. PEPE

JOHN P. HOSS, an individual, ROY W. STARBIRD,
an individual, and CHECKERED FLAG OIL CHANGE
CENTER, INC., a Michigan corporation,

        Defendant/Counter-Plaintiff.

_____/

**REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S
MOTION FOR LEAVE TO FILE ITS SECOND AMENDED
COMPLAINT AND JURY DEMAND (DKT. #32)**

On August 6, 2008, Plaintiff moved for leave to file a second Amended Complaint (Dkt.

#32). All pre-trial matters have been referred for a Report and Recommendation pursuant to 28

U.S.C. § 636(B)(1)(B) (Dkt. #51). For the reasons stated on the record and indicated below,

Plaintiff's motion for leave to amend is GRANTED.

    **I.**    **Plaintiffs' Motion for Leave to Amend and Jury Demand**

In the course of discovery, Plaintiff argues that it obtained additional information

regarding the liability of Defendants in the various counts set forth in its First Amended Verified

Complaint. The newly discovered information pertained to Defendants Hoss and Checkered

Flag's liability to Plaintiff under the subject Franchise Agreement, and additional facts

surrounding the creation and operation of Defendant Checkered Flag. The newly obtained facts and evidence were integrated into the proposed Second Amended Complaint And Jury Demand.

The Federal Rules of Civil Procedure allow the amendment of pleadings to conform with the evidence obtained in discovery at any time, and prior to trial as justice requires. Fed. R. Civ. P. 15(a) and (b).  It is within this Court's discretion to grant leave, but "subdivision (a) encourages the court to look favorably on requests to amend." WRIGHT, MILLER AND KANE, FEDERAL PRACTICE & PROCEDURES 2d § 1484.  *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (it is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court); *Hayden v. Ford Motor Company*, 497 F.2d 1292 (6th Cir. 1974) (the decision to allow amendment is left to the sound discretion of the district court, and review is normally limited to the question of whether the district court abused its discretion in allowing the amendment).

Defendants argue that this Court should not grant leave to file Plaintiff's proposed Second Amended Complaint due to delay.  Delay in and of itself, without a showing of significant prejudice to the opposing party, the court should not deny a motion to amend a complaint.  *Ziegler v. Aukerman*, 512 F.3d 777, 786 (6th Cir. 2008).  Defendants do not demonstrate any prejudice that they would suffer if this Court were to grant leave to amend the First Amended Complaint.

Defendants also argue that the proposed Second Amended Complaint as to the contract claim against Defendant Hoss is futile.  *Foman* notes that leave may be denied if the proposed amendment is futile.  *Foman* 371 U.S. at  230.  Other courts have held that an amendment need not be permitted if it would be subject to dismissal.

In considering motions to amend, courts were to review the futility argument using the

2

standards drawn from Rule 12(b)(6) for dismissal for failure to state a claim[1]. Yet in 2007, the
Supreme Court in *Bell Atlantic Corp. v. Twombly,* 550 U.S. ----, 127 S.Ct. 1955, 1965 (2007),
modified the standard for dismissal.  While courts are still to use the Rule 12(b)(6) standard for
measuring futility of a proposed amended claim, *Twombly* rejected the Rule 12(b)(6) standard
articulated in *Conley*.   *Twombly*  notes that under  a "literal reading of *Conley*'s 'no set of facts'
standard,  a wholly conclusory statement of claim would survive a motion to dismiss whenever
the pleadings left open the possibility that a plaintiff might later establish some 'set of
[undisclosed] facts' to support recovery."   *Twombly*  127 S.Ct. 1955, 1968  (2007); see
*Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009), for a suggestion that *Twombly* be limited
to costly and sprawling litigation.  *Twombly* rejects this literal reading of *Conley* and required
that pleadings state sufficient facts to show not just a possible, but a "plausible" claim of relief.
Instead of the 'no set of facts' standard of *Conley,  Twombly* endorsed the standard that a
complaint be plausible to the extent that from the facts alleged there is a " 'reasonably founded
hope' " that a plaintiff would be able to make a case," citing *Dura Pharmaceuticals, Inc. v.
Broudo,* 544 U.S. 336, 347  (2005), and its quote from *Blue Chip Stamps v. Manor Drug Stores,*
421 U.S. 723, 741(1975). Consistent with this clarification by *Twombly*, the Sixth Circuit had
earlier noted that it is not enough for a complaint to contain mere conclusory allegations of
wrongful conduct, rather some factual basis for such claims must be set forth in the pleadings.
See *e.g.  Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir.1986);   "A judge may not grant
a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations." *Columbia
Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  In deciding a motion under that

---

[1] The long accepted rule on what constitutes sufficiency in pleading is drawn from
*Conley v. Gibson*, 355 U.S. 41, 46 (1957), which stated "that a complaint should not be
dismissed for failure to state a claim unless *it appears beyond doubt* that the plaintiff can *prove
no set of facts* in support of his claim which would entitle him to relief." (Emphasis supplied.).

Rule, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996). The court is not required to accept as true alleged legal conclusions or unwarranted factual inferences. *Gregory v. Shelby County,* 220 F.3d 433, 446 (6th Cir. 2000); *see also Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987).

Defendants' futility argument is two fold. First, they argue that Defendant Hoss should not be added as a Defendant. It is Plaintiff's position that the futility argument is misplaced because the Second Amended Complaint does not add Hoss as a defendant for the pending breach of contract claim. He was already been a named defendant, but the amendment simply adds facts to the breach of contract claim.

Second, Defendants argue that the Michigan Franchise Investment Law ("MFIL"), MCL §445.1501 *et seq*., bars Plaintiff's contract claim against Defendant Hoss under a four-year statute of limitations set by the MFIL. (Dkt. # 39, pp. 13-14). Plaintiff replies that the remedies provided by the MFIL are not available to franchisors such as itself and therefore MFIL's statute of limitations are not applicable to Plaintiff's claims. The remedy provided by the MFIL is not for the seller of a franchise. *Franchise Management Unlimited, Inc. v. America's Favorite Chicken*, 221 Mich. App. 239, 249-250 (1997). In this case, Plaintiff is not pursuing a remedy or claim against Defendants based on MCL § 445.1531 or the MFIL. *See* First Amended Verified Complaint. Furthermore, the MFIL does not limit the availability of causes of action created by other statute or common law. MCL § 445.1534. The statute of limitations provided by MFIL does not affect Victory Lane's causes of action. In the alternative, the alleged recent contractual breaches of the Franchise Agreement by Defendant Hoss occurring in 2007, fall within any applicable statute of limitation. The contractual guaranty, executed by Hoss, is part of the subject Franchise Agreement and provides that "the undersigned individuals hereby jointly

4

and severally guaranty the full performance of the Franchisee of the Franchisee's obligations under this Agreement … and to be bound by all of the terms of this Agreement." (Dkt. #32, Exhibit A following Plaintiff's Brief, p. 76). As a joint and several contractual guarantor of Defendant Checkered Flag's performance under the subject Franchise Agreement, as well as a contractual franchisee, Defendant Hoss could be found liable for the subject breaches of the Franchise Agreement within the year preceding the filing of the complaint and therefore the breach of contract claim against Defendant Hoss is not barred by any applicable statute of limitations.

## III.   RECOMMENDATION

For the reasons stated above, it is RECOMMENDED that Plaintiff's motion for leave to file its second amended complaint and jury demand be GRANTED. The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this report and recommendation. *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall

address specifically, and in the same order raised, each issue contained within the objections.  A party may file a reply brief within 5 days of service of a response.  The reply shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.

s/Steven D. Pepe
United States Magistrate Judge

Dated:  March 20, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 20, 2009.

s/V. Sims
Case Manager