UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTORY LANE QUICK OIL
CHANGE, INC., a Michigan corporation,

      Plaintiff/Counter-Defendant,

                                    Civil No. 07-14463
                                    Hon. John Feikens

      v.

JOHN P. HOSS, an individual,
ROY W. STARBIRD, an individual,
CHECKERED FLAG OIL CHANGE
CENTER, INC., a Michigan corporation,

      Defendants/Counter-Plaintiffs.
_____

**ORDER MODIFYING AND ADOPTING REPORT AND RECOMMENDATION**

I have before me, Magistrate Judge Steven D. Pepe's Report and Recommendation ("Report"). In his Report, Magistrate Judge Pepe recommends that I deny Plaintiff's Motion for Preliminary Injunction. Both parties filed objections to the Report, responses, and replies. Having considered the arguments set forth by the parties, I ADOPT Magistrate Judge Pepe's Report with the following modifications:

- On page 3 of the Report, change "Defendants Starbird and Checkered Flag indicated to Plaintiff that they were considering renewal of the subject franchise agreement and continued to operate as a Plaintiff franchise facility after May 6, 2007, and through June 2007." to "Defendants Starbird and Checkered Flag allegedly indicated to Plaintiff that they were

considering renewal of the franchise agreement. They continued to operate as a Plaintiff franchise facility after May 6, 2007, and through June 2007."

- On page 7 of the Report, change "In connection with the opening of the new Howell franchise, Plaintiff distributed mailings to the residents of Howell, presumably based on its customer lists, which stated 'we have moved' and 'we are the only Victory Lane in the Howell Area.'" to "In connection with the opening of the new Howell franchise, but not until after the franchise agreement with Defendants had expired, Plaintiff distributed mailings to the residents of Howell, presumably based on its customer lists, which stated 'we have moved' and 'we are the only Victory Lane in the Howell Area.'"

- On page 10 of the Report, after "It is unclear if the action of opening the competing franchise is in fact a material breach depriving Plaintiff of its right to enforce the restrictive covenant," add "Plaintiff has also issued mailings directing customers to the new Howell Victory Lane location. Plaintiff has not established that the non-compete provision is reasonable in relation to its competitive business interest."

- On page 10 of the Report, after "Plaintiff has not shown that it would incur irreparable harm without a temporary restraining order or other injunctive relief," add "Plaintiff never moved for a temporary restraining order and waited more than 16 months after the expiration of the

franchise agreement to bring this motion for a preliminary injunction."

I DENY Plaintiff's Motion for Preliminary Injunction.

**IT IS SO ORDERED.**

Date:  August 10, 2009             s/ John Feikens
                                                           John Feikens
                                                           United States District Judge

---

Proof of Service

I hereby certify that the foregoing order was served on the attorneys/parties of record on August 10, 2009, by U.S. first class mail or electronic means.

s/Carol Cohron
Case Manager