UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTORY LANE QUICK OIL
CHANGE, INC., a Michigan corporation,

       Plaintiff/Counter-Defendant,

                                                    Civil No. 07-14463
                                                    Hon. John Feikens

      v.

JOHN P. HOSS, an individual,
ROY W. STARBIRD, an individual,
CHECKERED FLAG OIL CHANGE
CENTER, INC., a Michigan corporation,

       Defendants/Counter-Plaintiffs.
_____

**ORDER ADOPTING AND MODIFYING REPORT AND RECOMMENDATION**

I have before me, Magistrate Judge Mark Randon's Report and Recommendation ("Report") (Docket #122). In his Report, Magistrate Judge Randon recommends that I grant Plaintiff's Motion to Strike Defendants' Counterclaims and grant Plaintiff's Motion for Partial Summary Judgment. Defendants filed objections to the Report and the matter has been fully briefed. I have considered the parties' arguments. In light of those arguments, I OVERRULE Defendants' Objections #1-7 and #12-16 and ADOPT Magistrate Judge Randon's Report and Recommendation with the exception of the section entitled "Non-Compete Provisions of Franchise Agreement", pages 9-12 of the Report. I find the arguments set forth in Defendants' Objections #8-11 compelling, and find the following with regard to Plaintiff's alleged breach of the non-compete provision of the Franchise Agreement:

Non-Compete Provision of Franchise Agreement

Victory Lane asks for summary judgment against Defendants Starbird and Checkered Flag for breaching the non-compete provision contained in the Franchise Agreement. The relevant provision of the Franchise Agreement reads as follows:

> **20.2 After the Term.** You and Your Owners agree that, for a period of three (3) years after termination or expiration of this Agreement, the date of any formal court order in Our favor enforcing this covenant, or the date on which You cease to operate the Center, whichever is later, neither You nor any of Your Owners will, directly or indirectly for the benefit of You or any of them, or through or on behalf of or in conjunction with any other person, partnership or corporation, own, engage in, be employed by, advise, assist, invest in, franchise, make loans to, or have any interest in any quick oil change or similar business located at the premises of the Center or within ten (10) miles of the premises of any Victory Lane Quick Oil Change Center (except for other Victory Lane Quick Oil Change Centers which You operate under franchise agreements with Us). Your Owners agree that the provisions of this paragraph shall apply to them even if they transfer their interest in the corporation or partnership prior to the termination or expiration of this Agreement.

It is Victory Lane's position that it has a reasonable competitive interest in preventing Defendants from using the confidential business information and goodwill they obtained as Victory Lane franchisees to gain a competitive advantage in the quick oil change business. According to Victory Lane, the non-compete requirement safeguards against a former Victory Lane franchisee unfairly benefitting from the confidential information and goodwill obtained as a Victory Lane franchisee and hoarding this competitive advantage over other new and current Victory Lane franchisees. Victory Lane argues further that the non-compete provision is reasonable since it does not preclude Defendants from operating any automobile repair businesses; it just precludes Defendants from operating a quick oil change business.

Defendants argue that Plaintiff has not identified the confidential business information, provided to Defendants pursuant to the franchise relationship, that Plaintiff now seeks to protect. Defendants argue that their business does not utilize Plaintiff's computer system, and instead

employees manually check each vehicle. Defendants argue that they do not use Victory Lane operating procedures. Defendants claim that they market through a local radio station and radio is a commonly utilized method of advertising.

The Michigan Antitrust Reform Act generally prohibits any "contract, combination, or conspiracy between 2 or more persons in restraint of, or to monopolize, trade or commerce." Mich. Comp. Laws § 445.772 (2002). However, the statute authorizes agreements not to compete as long as they are reasonable. See MCLA §445.774a(1). A restrictive covenant must be reasonable in relation to an employer's competitive business interest in order to be enforceable. Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp., 511 F.3d 535, 547 (6th Cir. 2007), citing St. Clair Med., P.C. v. Borgiel, 715 N.W.2d 914, 919 (2006). The business interest justifying a restrictive covenant must be more than just preventing competition. Id. The geographic scope of the non-compete provision "must be tailored so that the scope of the agreement is no greater than reasonably necessary to protect the employer's legitimate business interests." Superior Consulting Co., Inc. v. Walling, 851 F. Supp. 839, 847 (E.D. Mich. 1994).

In this case, Plaintiff has not presented sufficient evidence to establish that the Franchise Agreement's non-compete provision is reasonable in relation to its competitive business interest. The geographic limitation – i.e., that Defendants may not operate a quick oil change center within 10 miles of any Victory Lane franchise – seems excessive in light of Plaintiff's argument during the October 20, 2009 hearing that three miles "is the defined radius from which customers normally go to [get] a – a quick oil change." (Oct. 20, 2009 Trans., p. 26.) In addition, Defendants argued that they do not have customer lists from Victory Lane or use the operations manual provided by Victory Lane. They argue that they are simply using general knowledge and

ordinary skill in performing oil changes, rather than confidential Victory Lane information.

In denying Plaintiff's Motion for Preliminary Injunction in August of 2009, I found that Plaintiff had not established that the non-compete provision was reasonable in relation to its competitive business interest. (Order, Docket #104.) In doing so, I adopted Magistrate Judge Pepe's finding that "Defendants, who do not have the burden of proof, brought forth evidence that their business practice seems to follow a general, non-proprietary business model such as paper records, checking dip sticks and use of radio advertising, which do not seem to conflict with Plaintiff's questionable business interest concerns." (Report, Docket #73, p. 10.) Magistrate Judge Pepe also noted that Plaintiff opened another franchise in the same area in which Defendants' business operates, approximately three miles from Defendants' oil change center. (Id.) The establishment of another Victory Lane franchise, within the non-compete territory, offsets Victory Lane's concern for protecting customer goodwill in Howell, Michigan. See Jiffy Lube Int'l, Inc. v. Weiss Bros., Inc., 834 F. Supp. 683, 692 (D. N.J. 1993) (recognizing that franchisor's legitimate interest in preventing competition disappears after establishment of new franchisee in the area). As noted in my August 2009 Order Denying Plaintiff's Motion for Preliminary Injunction, Victory Lane issued mailings directing customers to the new Victory Lane franchisee after termination of the Franchise Agreement with Defendants. (Order, Docket #104.)

In evaluating the non-compete provision for purposes of this Motion, I find that the non-compete provision does not appear tailored to protecting Victory Lane's competitive business interest. Plaintiff therefore has not established that the Franchise Agreement's non-compete provision is valid and enforceable. I DENY Plaintiff summary judgment on its claim of breach of the non-compete provision. As stated above, I GRANT Plaintiff summary judgment on its

other breach of contract claims and GRANT Plaintiff's Motion to Strike Defendants'

Counterclaims.

**IT IS SO ORDERED.**

Date: February 24, 2010         s/John Feikens
                                John Feikens
                                United States District Judge

Proof of Service

I hereby certify that the foregoing order was served on the attorneys/parties of record on February 24, 2010, by U.S. first class mail or electronic means.

s/Carol Cohron
Case Manager